Judgment rendered June 8, 2022.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 54,452-CA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

MICHAEL J. GARSEE                        Plaintiff-Appellant

versus

BERAT MAKOLLI                            Defendant-Appellee

* * * * *

Appealed from the
Monroe City Court for the
Parish of Ouachita, Louisiana
Trial Court No. 2020CV00881

Honorable Aisha S. Clark, Judge

* * * * *

ROUNTREE LAW OFFICES                     Counsel for Appellant
By: James A. Rountree

McNEW KING & LANDRY, LLP                 Counsel for Appellee
By: William Thomas McNew
    April Martin Hammett

* * * * *

Before COX, STEPHENS, and MARCOTTE, JJ.

**STEPHENS, J.**

Plaintiff, Michael Jason Garsee ("Garsee"), appeals a judgment of the Monroe City Court, Parish of Ouachita, State of Louisiana, rendered by the trial court in his favor against defendant, Berat Makolli ("Makolli"). The trial court denied both parties' claims for attorney fees. On appeal, plaintiff asserts he is entitled to a larger judgment, and the trial court erred in denying his claim for attorney fees.

## FACTS AND PROCEDURAL HISTORY

Makolli rented property located at 512 Louisville Avenue, Monroe, Louisiana, from Garsee to house his restaurant business, Tony's Pizza. The parties entered into a written lease on February 3, 2017, the terms of which dictate in part that the rent is $2,232.00 per month with a 10% penalty if not paid by the fifth day of the month and $25.00 per day thereafter. Along with a $2,000.00 deposit, Makolli paid rent regularly through February 2020.

On March 11, 2020, Garsee filed a petition to enforce the lease in Monroe City Court. Garsee alleged the lease expired on its own terms on April 30, 2020, and Makolli had given notice that he intended to vacate at the end of March 2020. Garsee claimed that when he asked for the March rent, Makolli instructed Garsee to take it out of his deposit; however, Garsee asserted that was not the purpose of a deposit, and regardless, the deposit was less than the month's rent. Garsee further claimed Makolli violated the lease by failing to obtain written permission to alter the premises and requested the court to declare the additions and upgrades became his property upon expiration of the lease. Garsee also requested a writ of sequestration to enforce his lessor's privilege on the movable property located inside the leased premises, specifically that the marshal of the City

of Monroe seize the unauthorized additions to the property—a walk-in cooler, three-compartment sink, air conditioning system, and large oven. Garsee sought a judgment in the amount of $7,264.00, which included $4,464.00 in accelerated rent for the months of March and April, and $2,800.00 for the cost of replacing an air conditioner allegedly destroyed by one of Makolli's customers. Garsee also sought reasonable attorney fees as provided in the lease, late charges, penalties, and all costs of these proceedings. Thereafter, the court issued a writ of sequestration instructing the marshal to constructively seize and hold movable property sufficient to secure the amount due plaintiff. On April 3, 2020, Garsee changed the locks to the premises.

Makolli answered Garsee's petition and filed a recoventional demand. Makolli asserted that any award made to Garsee should be reduced by $2,000.00 in consideration of the security deposit made. Makolli disputed the characterization of restaurant equipment as alterations to the premises and asserted the only damage to the air conditioning was cosmetic and could be easily repaired for a minimal cost. Makolli further claimed Garsee was not entitled to recover rent for April 2020 because on April 3, Garsee, without notice to vacate or an order of eviction, wrongfully evicted him from the premises when he changed the locks. Additionally, Makolli asserted that because Garsee failed to maintain the HVAC system per the terms of the lease, Makolli caused an additional unit and vents to be installed, at the cost of approximately $4,000.00; Makolli claimed he is entitled to entitled to reimbursement for this expense. Makolli claimed Garsee's unlawful actions caused him to suffer the following damages: loss of business; mental anguish; other damages yet to be determined; and, attorney fees allowed

2

under the lease.  In total, Makolli sought $8,232.00 plus attorney fees and costs.  Garsee answered Makolli's reconventional demand, wherein he claimed Makolli's deposit had been forfeited by agreement back in 2017 because his business did not become timely operational.

Makolli subsequently filed a motion for reduction of excess seizure and for security in which he provided a list of property that, in addition to the property listed in the writ of sequestration, was seized by way of Garsee changing the locks and denying his access to the premises.  Makolli alleged the property seized exceeded what was reasonably necessary to satisfy Garsee's claims for relief, even without taking into account his deposit and claims against Garsee.  Makolli also asserted that beyond Garsee's claim to past due rent, his remaining claims do not constitute a lessor's privilege, as Garsee asserted; accordingly, Garsee should be required to post sufficient security.

Garsee's petition and Makolli's motion were tried together on March 23, 2021.  At the close of arguments, the trial court issued an oral ruling holding Garsee was entitled to March's rent, but not April's, in consideration of both the statewide gubernatorial eviction moratorium issued in response to the COVID 19 pandemic and Garsee changing the locks and depriving Makolli access to the leased premises.  The trial court deducted $2,000.00 for the deposit, finding that it had not been previously forfeited because the lease required only that Makolli occupy the premises by a certain date, not that his business become operational by that time, and that Makolli had in fact timely occupied the premises.  Thus, the trial court ultimately awarded Garsee $232.00—one month's rent less the security deposit.  Furthermore,

3

the trial court ruled the parties' claims for attorney fees were offsetting, and each party's claim for attorney fees was therefore denied.

Additionally, trial court found Makolli was owner of and permitted to remove from the premises all of the items seized under the writ of sequestration, including but not limited to a walk-in cooler, three-compartment sink, grease interceptor, and large pizza oven, with the sole exception being the air conditioner installed by Makolli, which the court determined to have become a component part of the property and therefore owned by Garsee. The trial court further found Makolli was entitled to retrieve all property remaining on the premises that belonged to him, including but not limited to four speakers, a DVR, a ten-foot ladder, two televisions, three garbage cans, a beverage station, ceiling fans, a mop bucket, miscellaneous tools, the shelf located in the cooler, a cash register, and other miscellaneous restaurant equipment. Written judgment in accordance with the trial court's oral ruling was issued on April 20, 2021. This timely appeal by Garsee ensued.

## DISCUSSION

A lease is a synallagmatic contract which burdens both the lessor and the lessee with specified obligations. *See* La. C.C. art. 2668. In particular, lessors are obligated to: 1) deliver that which is the subject of the lease to the lessee; 2) maintain the object in a suitable condition; and 3) maintain the lessee in peaceable possession for the duration of the lease. *See* La. C.C. art. 2682. In contrast, the lessee is obliged to: 1) pay the rent pursuant to the terms of the lease; 2) prudently administer the lease according to the lease terms; and 3) deliver the object to the lessor. *See* La. C.C. art. 2683. Further, the particular terms of a lease form the law between the parties,

4

defining their respective legal rights and obligations. *Pierre v. Gardner*, 53,715 (La. App. 2 Cir. 1/13/21), 311 So. 3d 574. The parties are bound by the agreement regardless of any harsh consequences contained in those agreements. *Id.* Contracts have the effect of law for the parties, and the interpretation of the contract involves the determination of the parties' common intent. La. C.C. art. 2045. We must examine the words of the contract in order to determine the reasonable intention of the parties. *Powertrain of Shreveport, L.L.C. v. Stephenson,* 49,327 (La. App. 2 Cir. 10/1/14), 149 So. 3d 1274. When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent. La. C.C. art. 2046. Where factual findings are pertinent to the interpretation of a contract, those factual findings are subject to the manifest error standard of review. *Davis v. Russell*, 44,909 (La. App. 2 Cir. 12/9/09), 26 So. 3d 950.

The trial court's reasonable evaluations of credibility and inferences of fact will not be disturbed on review, even though the appellate court may believe its own evaluations and inferences are as reasonable. *Rosell v. ESCO*, 549 So. 2d 840 (La. 1989); *Monroe v. Physicians Behavioral Hosp., LLC*, 49,248 (La. App. 2 Cir. 8/13/14), 147 So. 3d 787. The trial court reconciles conflicting evidence. The reviewing court does not determine whether the trial court was right or wrong, but whether its factual conclusions are reasonable in light of the record as a whole. *Stobart v. State, through DOTD*, 617 So. 2d 880 (La.1993); *Schindler Elevator Corp. v. Long Prop. Holdings, L.L.C.*, 50,199 (La. App. 2 Cir. 11/18/15), 182 So. 3d 233.

In his first assignment of error, Garsee asserts the trial court erred when it failed to require defendant to pay rent due under the lease and for

damages to his property. Specifically, Garsee argues the amount he is entitled to under the lease is $3,980.20, consisting of $3,180.20 for rent and penalties and $800.00 in damages. Regarding the rent, Garsee asserts the nonpayment penalty continued to accrue through April 3, 2020, which is when he changed the locks. As for the damages, he claims the $2,800.00 worth of damages to the pre-existing air conditioner was described in detail and essentially uncontested at trial. He notes Makolli failed to repair the damage as required by La. C.C. art. 2692; therefore, Makolli is liable for his costs. Garsee acknowledges Makolli's $2,000.00 deposit should go toward the damages, leaving Makolli with a balance of $800.00 for the damages.

After a thorough review of the record, including the lease between the parties and trial testimony, we find no error in the trial court's finding that Garsee was responsible for March's rent but not April's.[1] Furthermore, the trial court was correct in applying Makolli's $2,000.00 deposit to the rent owed. The lease states the deposit served, among other things, "as a security deposit for Lessee's obligations under this lease, including the obligation to timely pay rent," and as the trial court noted, the deposit was not forfeited by lessee's alleged failure to timely occupy the property.

Regarding Garsee's claim for $2,800.00 in damages, we first note the trial court's judgment does not specifically address the damages to the pre-existing air conditioning unit. However, the record reveals the issue was litigated at trial, thus it is assumed the trial court denied this claim. The record shows there was much discussion at trial regarding the air

---

[1] This holding is not contested by Garsee on appeal, but we note its correctness, nonetheless, as we use it as the base for determining the amount ultimately owed by Makolli.

conditioning of the premises—whether the pre-existing unit was adequate and whether it was sufficiently maintained, who was responsible for the damages it sustained, the installation of a new HVAC unit by Makolli, and ownership of this new unit. The trial court clearly made a factual determination that Garsee was not entitled to the $2,800.00 he seeks for damages to the pre-existing air conditioner, and upon review of the record, we cannot say that determination was manifestly erroneous. In so finding, this court would be remiss if we did not also take note of the $4,000.00 HVAC unit of which Garsee was found to be the owner after the trial court found that the unit, which Makolli bought and had installed on the premises, had become a component part of the leased premises.

However, while we commend the trial court's efforts to resolve this matter equitably, as well as its thoroughness regarding its findings related to the numerous pieces of property and equipment involved in this litigation, we do find the trial court erred by failing to award Garsee the nonpayment penalty provided for in the lease. The terms of the lease clearly and explicitly provide for a 10% late charge and $25.00/day penalty for past-due rent. Since the trial court held Makolli did in fact owe rent to Garsee for the month of March 2020, we find Makolli likewise owed Garsee the late charge and penalties since the March 2020 rent was indisputably late. The lease requires a per-day penalty for every day payment is delayed after the 5th day of the month, so the penalty period began to run on March 6, 2020, until April 2, 2020, the day before Garsee changed the locks to the premises. This is a 28-day period, bringing the incurred per-day penalty to $700.00. The 10% late charge equals $223.20. Therefore, the total amount Makolli owes Garsee in penalties for his past-due March 2020 rent is $923.20.

In his second assignment of error, Garsee asserts the trial court erred in awarding Makolli attorney fees offsetting those awarded to himself. He argues that Makolli was at fault by not paying rent; therefore, he was not entitled to attorney fees. Garsee further argues he is entitled to attorney fees in the amount of $5,200.00 incurred before trial, plus an additional $3,000.00.

The lease provides as follows regarding attorney fees:

If an attorney is employed to protect any right of LESSOR or LESSEE arising under this lease, the party whose fault necessitates such employment shall pay reasonable attorney's fees to the other.

While the trial court's judgment states the parties' claims for attorney fees were "off-setting," it explicitly denied both parties' claims. The trial court clearly found both parties to be at fault—Makolli for failing to pay rent owed, and Garsee for unlawfully evicting Makolli from the premises. Accordingly, trial court did not err in denying attorney fees to both parties in accordance with the parties' lease.

**CONCLUSION**

For the foregoing reasons, the judgment of the trial court is amended in accordance with this opinion to award plaintiff, Michael Jason Garsee, an additional $923.20. In all other respects, the judgment of the trial court is affirmed. Costs of this appeal are assessed one-half to plaintiff, Michael Jason Garsee, and one-half to defendant, Berat Makolli.

**AMENDED, AND AS AMENDED, AFFIRMED.**

8